IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD W. BURNS, § | | |
| TDCJ #494482, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-1323 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**ORDER OF DISMISSAL**

State inmate Richard W. Burns (TDCJ #494482) has filed a motion for extension of time to submit a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. #3). Burns reports that the Texas Court of Criminal Appeals denied his state habeas corpus application on April 15, 2005. He requests a sixty-day extension of time to seek federal habeas review. The motion for an extension of time is **denied** and this case is **dismissed** without prejudice for reasons discussed briefly below.

Burns states that he was convicted and sentenced to life imprisonment in the 232nd District Court of Harris County, Texas. He does not disclose the nature of the underlying offense or indicate when the judgment was entered. He does not state whether he filed an appeal or, if so, what issues were presented. Likewise, he does not provide information about when his state habeas corpus proceeding was filed and what claims he presented for review. With respect to any proposed federal habeas proceeding, Burns has not paid the

requisite filing fee or sought leave to proceed *in forma pauperis*. He has not filed an actual petition for federal habeas corpus relief or otherwise described the claims he intends to raise. More importantly, he provides no information explaining his delay in seeking federal habeas corpus relief.

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Burns's motion for an extension of time is, in effect, a request to toll the governing statute of limitations on federal habeas corpus review before he files a petition. Because Burns has not yet filed a federal habeas corpus petition, this Court has no subject matter jurisdiction to consider whether tolling of the federal statute of limitations is appropriate *See United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (concluding that a federal court lacks jurisdiction to consider whether a proposed collateral challenge under 28 U.S.C. § 2255 is timely, under the AEDPA's one-year statute of limitations, until such a motion is actually filed); *United States v. Callahan*, 70 Fed. Appx. 179, 2003 WL 21554914 (5th Cir. July 9, 2003) (unpublished table opinion) (No. 03-30244) (same). *See also Fierro v. Cockrell*, 294 F.3d 674, 680 (5th Cir. 2003) (holding that a motion seeking authorization to file a habeas petition is not an actual petition and does not toll the statute of limitations).

Under Article III of the Constitution, the judicial power of the federal courts is limited to "cases" or "controversies." *Leon*, 203 F.3d at 163 (citing *Aetna Life Ins. Co. v. Haworth*,

300 U.S. 227, 239 (1937)). Thus, the exercise of federal jurisdiction under the Constitution "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *Id.* (quoting *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation marks and brackets omitted)). Unless a petitioner has filed an actual habeas corpus petition, there is no case or controversy to be heard and any opinion rendered on the timeliness of the potential petition would be hypothetical and impermissibly advisory. If or when Burns actually files a federal habeas corpus petition, the reviewing court may then consider his whether the petition should be considered timely. Until Burns submits an actual petition, however, there is no jurisdiction to consider the matter.

Accordingly, because jurisdiction is lacking, the Court **ORDERS** as follows:

1. The petitioner's motion for a sixty-day extension of time (Doc. #3) is **DENIED**.

2. This proceeding is **DISMISSED** without prejudice as premature.

3. To the extent that one is required, a certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **April 20, 2006.**

_____
Nancy F. Atlas
United States District Judge